UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CAMERON SPRY,

Plaintiff,

v.

MEYER NJUS TANICK LINDER & ROBBINS P.A. and SELECTIVE INSURANCE COMPANY OF AMERICA,

Defendants.

Case No. 26-CV-2754 (PJS/JFD)

ORDER

Thomas J. Lyons, Jr., and Carter Lyons, CONSUMER JUSTICE CENTER, P.A., for plaintiff.

Patrick J. Kelly, THOMPSON, COE, COUSINS & IRONS, LLP, for defendant Meyer Njus Tanick Linder & Robbins, P.A.

Robert L. Graff and Dillon R. Ellis, MEAGHER & GEER, P.L.L.P., for defendant Selective Insurance Company of America.

Defendant Selective Insurance Company of America ("Selective") sued plaintiff Cameron Spry in Anoka County District Court to collect on a debt. In January 2024, after Spry failed to appear at a show-cause hearing, the Anoka County District Court—at Selective's request—issued a bench warrant for Spry's arrest. In November 2024, defendant Meyer Njus Tanick Linder & Robbins, P.A. ("Meyer Njus") took over representation of Selective in the Anoka County litigation. Spry initiated a Chapter 7 bankruptcy proceeding in June 2025, and his unsecured debts (including his debt to

Selective) were discharged on September 23, 2025. Even though both Selective and Meyer Njus received notice of the discharge, and even though the discharge eliminated the basis for the pending Anoka County proceedings, neither Selective nor Meyer Njus informed the Anoka County District Court of the discharge nor sought to vacate the arrest warrant. Spry was arrested pursuant to the bench warrant on October 8, 2025, and spent a night in the Anoka County Jail.

In this federal litigation, Spry asserts a federal claim for violation of the bankruptcy-discharge injunction imposed by 11 U.S.C. § 524(a)(2) and two state tort claims for failure to protect him from being arrested under the bench warrant. This matter is before the Court on defendants' motions to dismiss. The Court held a hearing on the motions on November 25, 2026.

As the Court explained at the hearing, the Court agrees with the weight of authority holding that § 524 does not create a private right of action and is enforceable only through contempt proceedings in bankruptcy court. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 504 (9th Cir. 2002); *In re Joubert*, 411 F.3d 452, 456 (3d Cir. 2005) (agreeing with the reasoning of circuit authority rejecting a private right of action under § 524); *Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir. 2001). Because Count III asserts a private right of action that does not exist, Count III is dismissed with prejudice.

Count III was the only claim over which this Court has original jurisdiction. Although the Court could exercise supplemental jurisdiction over Counts I and II, the Court declines to do so because Count III has been dismissed long before trial. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008); *Ivy v. Kimbrough*, 115 F.3d 550, 552–53 (8th Cir. 1997) ("In most cases, when federal and state claims are joined and the federal claims are dismissed . . . the pendent state claims are dismissed without prejudice . . . ."). Thus, Counts I and II are dismissed without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion to dismiss of defendant Meyer Njus Tanick Linder & Robbins P.A. [ECF No. 22] is GRANTED IN PART and DENIED IN PART as follows:

    a. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Counts I and II, and those claims are DISMISSED WITHOUT PREJUDICE.

    b. Count III is DISMISSED WITH PREJUDICE AND ON THE MERITS.

2. The motion to dismiss of defendant Selective Insurance Company of America [ECF No. 8] is GRANTED IN PART and DENIED IN PART as follows:

   a. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Counts I and II, and those claims are DISMISSED WITHOUT PREJUDICE.

   b. Count III is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 25, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge